In re RaeJean **BONHAM, aka Jean Bonham, aka Jeannie Bonham, dba World Plus; World Plus, Inc., an Alaska corporation; and, Atlantic Pacific Funding Corp., a Nevada corporation, Debtor(s)**

In re **BONHAM RECOVERY ACTIONS, a proceeding to jointly administer certain pre-trial issues in numerous related adversary proceedings.**

**Bankruptcy No. F95–00897–HAR.**
**Adversary No. F95–00897–168–HAR.**
**No. 96–4281.**

United States Bankruptcy Court,
D. Alaska.

Aug. 28, 1998.

RaeJean Bonham, Fairbanks, AK, pro se.

Cabot Christianson/Gary Spraker, Bundy & Christianson, Anchorage, AK, for Trustee.

David G. Parry, Birch, Horton, Bittner & Cherot, Fairbanks, AK, Rebecca Copeland, Koval & Featherly, Anchorage, AK, for Joint Defense Committee.

Brad E. Ambarian, Lane, Powell, Spears, Lubersky, Anchorage, AK, Grant E. Courtney, Lane, Powell, Spears, Lubersky, Seattle, WA, Ronald Goss, Shulkin Hutton, Inc., Seattle, WA, for Defendants.

Kenneth Wooten, Fairbanks AK, pro se.

## MEMORANDUM DECISION REGARDING FEDERAL DEBT COLLECTION PROCEDURES ACT CLAIMS

HERBERT A. ROSS, Bankruptcy Judge.

In various individual adversary proceedings included in the Bonham Recovery Actions (BRA) the trustee seeks to avoid transfers made by the debtors to the BRA

defendants by using the Federal Debt Collection Procedures Act (FDCPA). Some defendants challenge the trustee's authority to use the FDCPA.[1] I find that the trustee has no avoidance powers under the FDCPA because recovery stemming from the SEC disgorgement order does not involve a "debt" of the United States.

The SEC obtained a judgment in the U.S. District Court in Alaska requiring the debtors to disgorge $2,492,000 plus interest, with the funds to be disbursed in the main bankruptcy case.[2] The SEC has also filed a proof of claim in the bankruptcy case.[3] It has not sought to use FDCPA avoidance powers under 28 U.S.C. § 3304 to obtain judgments or disgorgement from the investors in the debtors' Ponzi scheme.

A threshold question is whether a disgorgement claim of the SEC against the debtors is a "debt" under the FDCPA, allowing the trustee to enforce the SEC's rights in bankruptcy. The only direct authorities regarding an SEC disgorgement order hold that it is not a "debt" for FDCPA purposes, and so the claim must be dismissed.[4]

The FDCPA[5] establishes civil procedures outside of bankruptcy for the United States to collect debts owed to the government.[6] These include procedures for the avoidance of fraudulent transfers.[7] The FDCPA avoidance procedures are similar to the bankruptcy fraudulent transfer provision.[8]

The FDCPA defines a "debt" in 28 U.S.C. § 3002(3) as follows:

### § 3002. Definitions

As used in this chapter: ● ● ●

(3) "Debt" means–

(A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or

(B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

and includes any amount owing to the United States for the benefit of an Indian tribe or individual Indian, but excludes any amount to which the United States is entitled under section 3011(a).

The definition of a "debt" applies to the entire chapter. Included in the chapter is the section governing the avoidance rights of the United States under the FDCPA. These are found in 28 U.S.C. § 3304, which provides in part (italics added):

### § 3304. Transfer fraudulent as to a debt to the United States

(a) Debt arising before transfer.—Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a *debt to the United States*

---

1. *See, Reply to Trustee's Consolidated Opposition to Defendant's Motion to Dismiss for Failure to State a Cause of Action*, Docket Entry 184, filed May 9, 1997 (filed by Brad Ambarian, Esq. for defendants represented by him, and also on behalf of defendants represented by Ronald Goss and David Parry, Esqs.).

2. *See*, Page 5 of District Judge H. Russel Holland's *Order Granting Plaintiff Securities and Exchange Commission's Application for Entry of Default Judgment and Motion for Summary Judgment and Final Judgment of Permanent Injunction Against Defendants RaeJean S. Bonham, World Plus, Inc. and Atlantic Pacific Funding Corporation*, Docket Entry 48, filed November 26, 1997, *Securities and Exchange Commission v. RaeJean S. Bonham, World Plus, Inc., and Atlantic Pacific Funding Corporation*, Case No. F96–

0023–CIF (HRH) in the United States District Court for the District of Alaska.

3. Proof of Claim No. 1111 for $2,710,548, filed December 24, 1997.

4. *See*, footnote 10.

5. 28 U.S.C. § 3001, *et seq.*

6. *See, generally*, Russell G. Donaldson, Annotation, *Validity, Construction, and Application of Federal Debt Collection Procedures Act (28 U.S.C.A. §§ 3001, Et Seq.)*, 119 ALR Fed 505 (1994).

7. 28 U.S.C. § 3304.

8. 11 U.S.C. § 548.

which arises before the transfer is made or the obligation is incurred if—

(1)(A) the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

(B) the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation; or

(2)(A) the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time; and

(B) the insider had reasonable cause to believe that the debtor was insolvent.

(b) Transfers without regard to date of judgment.—(1) Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a *debt to the United States*, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation—

(A) with actual intent to hinder, delay, or defraud a creditor; or

(B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor—

(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

■ If Judge Holland's disgorgement order does not create a "debt" of the United States, then neither the trustee nor the SEC are within the ambit of the FDCPA. "Disgorgement is an equitable remedy designed to deter future violations of the securities laws and to deprive defendants of the proceeds of their wrongful conduct."[9] There are two 5th Circuit cases holding that an SEC disgorgement order is not a "debt" for the purposes of the FDCPA.[10] No contrary authority on point has been cited by the trustee.

In the BRA case, there is no question that the SEC's disgorgement claim does not inure to the benefit of the United States. By the explicit wording of Judge Holland's disgorgement order, any recovery is to be administered in the bankruptcy case of the debtors.[11] In areas other than SEC disgorgement debts, where the government is attempting to collect for the benefit of other entities, the cases are not as uniform.

The 2nd Circuit has held that an NLRB backpay award was a "debt" enforceable under the procedures of the FDCPA, in a split decision.[12] The 1st Circuit disagreed with the reasoning of the 2nd Circuit, and held that a recovery of the United States under the Child Support Enforcement Act was not a "debt" for FDCPA purposes because it was not intended to inure to the benefit of the United States.[13]

A bankruptcy judge in the 9th Circuit generally cannot disregard the authority of the only circuit level authority directly on point, even though it is not from the 9th circuit.[14] Thus, I am constrained to follow the 5th Circuit cases that an SEC disgorgement order is not a "debt" under the FDCPA.

The disgorgement order is against the debtors, not the BRA defendants. The SEC judgment is for $2,492,000, plus interest. The trustee, on the other hand, is suing the BRA defendants in about 660 BRA adversary proceedings for a total amount far in excess of this. Attempting to utilize the FDCPA's

**9.** 69A AmJur2d *Security Regulations—Federal* at § 1708. *Disgorgement* (1997).

**10.** *Securities and Exchange Commission v. Huffman*, 996 F.2d 800, 802–803 (5th Cir.1993); and *Securities and Exchange Commission v. AMX, International, Inc.*, 7 F.3d 71, 74–76 (5th Cir.1993).

**11.** *See,* footnote 2.

**12.** *National Labor Relations Board v. E.D.P. Medical Computer Systems, Inc.*, 6 F.3d 951, 954–955 (2nd Cir.1993).

**13.** *United States v. Bongiorno*, 106 F.3d 1027, 1037–1040 (1st Cir.1997).

**14.** *In re Mulvania*, 214 B.R. 1, 9 (9th Cir. BAP 1997).

avoidance powers against the BRA defendants seems far afield from the intent of the FDCPA, and does not mesh factually with the claims based on the FDCPA which the trustee has actually filed.

Therefore, the claim for relief in the various individual BRA adversary proceedings based on enforcement of the SEC's rights under the FDCPA shall be dismissed by a separate order. Since there are other matters involved in defendants' motion to dismiss, an order will be deferred pending rulings on the other matters.